PEOPLE v DANIELS

Docket No. 75910. Submitted February 13, 1985, at Detroit.—Decided
    April 16, 1985.

    Floyd Daniels was convicted of first-degree criminal sexual con-
        duct and felony-firearm, Recorder's Court of Detroit, Vera
        Massey Jones, J. Defendant appealed, alleging that the trial
        court erred by giving a supplemental jury instruction which
        deviated from ABA Standard Jury Instruction 5.4. *Held:*

        1. ABA Standard Jury Instruction 5.4 is designed to encour-
        age a deadlocked jury to reach a decision. An instruction which
        deviates from the language of the standard instruction is not
        improper where, as here, the language used was not a substan-
        tial departure and had no coercive effect. The court's comments
        did not imply that a juror should abandon his or her own views
        to defer to the majority in order to reach a verdict.

        2. Defendant's other claims of error were without merit.
        Affirmed.

CRIMINAL LAW — JURY INSTRUCTIONS — DEADLOCKED JURY — STAN-
    DARD JURY INSTRUCTIONS.

    A supplemental jury instruction, directed toward encouraging a
        deadlocked jury to reach a decision, which deviates from the
        language of ABA Standard Jury Instruction 5.4 does not re-
        quire reversal of a defendant's conviction where the departure
        from the standard instruction was not substantial and the trial
        court's comments were not coercive and did not imply that a
        juror should abandon his or her views to defer to the majority
        in order to reach a verdict.

*Frank J. Kelley,* Attorney General, *Louis J.
Caruso,* Solicitor General, *John D. O'Hair,* Prose-
cuting Attorney, *Edward Reilly Wilson,* Deputy

---

REFERENCES FOR POINTS IN HEADNOTE
76 Am Jur 2d, Trial § 1054 et seq.
Instructions urging dissenting jurors in state criminal case to give
    due consideration to opinion of majority (Allen charge) - modern
    cases. 97 ALR3d 96.

Chief, Civil and Appeals, and *Brigid Vincent Marley,* Assistant Prosecuting Attorney, for the people.

*Ronald Michael Solomon,* for defendant on appeal.

Before: V. J. BRENNAN, P.J., and CYNAR and J. W. FITZGERALD,* JJ.

PER CURIAM. Defendant, Floyd Daniels, was charged with two counts of first-degree criminal sexual conduct, MCL 750.520b; MSA 28.788(2); one count of assault with intent to rob while being armed, MCL 750.89; MSA 28.284, and one count of felony-firearm, MCL 750.227(b); MSA 28.424(2). After a jury trial held in Detroit Recorder's Court, defendant was found guilty of both counts of first-degree criminal sexual conduct and of felony-firearm. On May 6, 1983, defendant was sentenced to the mandatory two-year prison term for the felony-firearm conviction and a four-year probationary term on each of the criminal sexual conduct convictions (to be served concurrently) following a nine-month term in the Detroit House of Correction after defendant's release from prison. Defendant appeals as of right.

Defendant's first claim is that the trial court deviated from ABA Standard Jury Instruction 5.4 and that the deviation constituted reversible error. We disagree.

We have read the complained-of supplemental instruction and find that, although some of the remarks made by the trial court were not contained in the standard instruction, the language employed, in the factual context in which it was given, had no coercive effect. "The court did not require or threaten to require the jury to deliberate for an unreasonable length of time or for unreasonable intervals", *People v Hardin,* 421 Mich 296, 319; 365 NW2d 101 (1985), nor did the

court's instruction, as defendant claims, threaten the jurors into giving up their honest convictions to agree with the majority when the jury was deadlocked. The supplemental instruction reiterated a portion of the standard instruction which was given to the jurors prior to deliberations. The departures were *not* substantial; the court's comments did not imply that a juror should abandon his or her own views to defer to the majority in order to reach a verdict.

The overall effect of the language employed by the court was not coercive, rather, it stressed the need for the jurors to engage in full-fledged deliberations. "The additional language, appended by the trial court to the proper ABA standard jury instruction (5.4), contains no undue pressure, threats, embarrassing assertions, or other wording that would tend to force a decision or cause a juror to abandon his conscientious dissent and defer to the majority." *Hardin, supra,* p 321.

Our review of the evidence presented at trial also reveals that there was sufficient evidence to support a guilty verdict on two counts of first-degree criminal sexual conduct and one count of felony-firearm. Furthermore, our review of the evidence also shows that defendant's motion for a directed verdict was properly denied.

Affirmed. We retain no further jurisdiction.